```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JONATHAN MOORE              *           CIVIL ACTION

VERSUS                      *           NO: 10-2120

STEVE RADER, WARDEN         *           SECTION: "N"(5)
```

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

### PROCEDURAL HISTORY

On April 24, 1984, petitioner, Jonathan Moore, a prisoner incarcerated in Dixon Correctional Center, Jackson, Louisiana, was

charged via bill of information with unlawful possession of an unregistered sawed-off shotgun.[1]  On April 25, 1984, Moore was charged via bill of information with aggravated burglary and forcible rape.[2]  On June 21, 1984, Moore proceeded to trial in Orleans Parish Criminal District Court on the aggravated burglary and forcible rape charges and a jury found him guilty as charged. Moore was sentenced to serve thirty years in connection with his aggravated burglary conviction and forty years in connection with his forcible rape conviction, with said sentences to be served consecutively.  On June 25, 1984, Moore pled guilty to the charge of unlawful possession of an unregistered sawed-off shotgun and received a sentence of five years to be served concurrently with the above sentences.

On January 15, 1986, the Louisiana Fourth Circuit Court of Appeal affirmed Moore's aggravated burglary and forcible rape convictions and corresponding sentences.  State v. Moore, 482 So.2d 782 (La. App. 4 Cir. 1986).  Thereafter, Moore did not apply for rehearing nor did he seek direct review with the Louisiana Supreme Court.  Thus, under the provisions of La.C.Cr.P. art. 922, Moore's

---

[1] A copy of the pertinent bill of information, along with the docket master reflecting the date the bill of information was filed, is contained in the State rec., vol. 2 of 4.

[2] A copy of the pertinent bill of information, along with the docket master reflecting the date the bill of information was filed, is contained in the State rec., vol. 1 of 4.

convictions and sentences became final fourteen days later, on January 29, 1986, when the delay for applying for rehearing expired.[3]

Following the finality of his convictions and sentences, Moore filed with the state district court an application for post-conviction relief.[4] On January 12, 1987, Orleans Parish Criminal District Court Judge Miriam Waltzer issued Judgment denying Moore's application for post-conviction relief.[5] On February 20, 1987, the Louisiana Fourth Circuit Court of Appeal, finding "no error in the ruling of the trial judge", denied Moore's writ application. State v. Moore, No. K-7270 (La. App. 4 Cir. 1987) (unpublished opinion).[6] Moore did not seek relief from the Louisiana Supreme Court in connection with the state appellate court's February 20, 1987

---

[3]La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
    A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
    B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

[4]The State represents in its response (rec. doc. 7) that it has been unable to locate a copy of Moore's initial application for post-conviction relief and this Court's review of the State record has uncovered no such pleading.

[5]A copy of the district court's June 12, 1987 Judgment is contained in the State rec., vol. 1 of 4.

[6]A copy of the state appellate court's February 20, 1987 unpublished opinion is contained in the State rec., vol. 1 of 4.

3

adverse decision.

On April 21, 1989, Moore filed a second application for post-conviction relief with the state district court.[7]  On May 17, 1989, Judge Waltzer dismissed Moore's post-conviction application as repetitive.[8]  On August 2, 1989, the Louisiana Fourth Circuit Court of Appeal denied Moore's writ application, finding that his claims of ineffective assistance of counsel and excessive sentence were repetitive and the district court properly dismissed these claims and that his claim of insufficient evidence was without merit. State v. Moore, No. 89-K-1153 (La. App. 4 Cir. 1989) (unpublished opinion).[9]  Again, Moore did not seek relief from the Louisiana Supreme Court in connection with the state appellate court's adverse decision.

In 2009, Moore filed with the state district court a motion to correct an illegal sentence.[10]  On July 13, 2009, Orleans Parish Criminal District Court Judge Laurie White denied Moore's motion as

---

[7]A copy of Moore's April 21, 1989 post-conviction application is contained in the State rec., vol. 1 of 4.

[8]A copy of Judge Waltzer's May 17, 1989 Judgment is contained in the State rec., vol. 1 of 4.

[9]A copy of the state appellate court's August 2, 1989 unpublished decision is contained in the State rec., vol. 4 of 4.

[10]A copy of the pertinent pleading is contained in the State rec., vol. 4 of 4.  The month and day the pleading was filed are unknown as such information is not set forth in the copy of the pleading contained in the record.

untimely.[11] On August 6, 2009, the Louisiana Fourth Circuit Court of Appeal denied Moore's writ application, providing: "This court has reviewed the claims raised by relator in his motion to correct an illegal sentence and finds that he is not entitled to relief." State v. Moore, No. 09-K-1007 (La. App. 4 Cir. 2009) (unpublished opinion).[12] On June 25, 2010, the Louisiana Supreme Court likewise denied Moore relief.  State ex rel. Moore v. State, 38 So.3d 354 (La. 2010).

On July 20, 2010, petitioner filed the instant federal habeas corpus application. (Rec. doc. 1). In its response (rec. doc. 7), the State argues that the instant action is untimely. Based upon the reasoning set forth below, this Court agrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. §2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of

---

[11] A copy of Judge White's July 13, 2009 "Ruling on Motion to Correct an Illegal Sentence" is contained in the State rec., vol. 4 of 4.

[12] A copy of the state appellate court's August 6, 2009 unpublished decision is contained in the State rec., vol. 4 of 4.

his time for seeking review.[13] See 28 U.S.C. §2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. However, in situations such as this, where a petitioner's conviction and sentence, along with his corresponding expiration of time for seeking review, pre-date the April 24, 1996 AEDPA effective date, a one-year grace period, from April 24, 1996 until April 24, 1997, must be allowed during which a petitioner could timely file a federal post-conviction habeas challenge. Flanagan v. Johnson, 154 F.3d 196, 201-02 (5th Cir. 1998). Accordingly, Moore had until April 24, 1997, to timely seek federal habeas corpus relief.

Moore did not file the instant action until July 20, 2010, over thirteen years after his limitation period expired. Thus, Moore's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. §2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

---

[13] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

subsection."

In the instant matter, Moore filed no post-conviction or other collateral review proceeding which would have tolled his one-year prescriptive period running from April 24, 1996 to April 24, 1997. Thus, this matter would appear to be time-barred absent a basis for equitably tolling Moore's prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'"  Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991, quoting Davis v. Johnson, 158 F.3d 806 (5th Cir 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), citing Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996).  The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of §2254 relief.  Coleman, 184 F.3d at 403.

Moore offers no basis for equitably tolling prescription nor has this Court's review of the record uncovered any such basis. Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Jonathan Moore, be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[14]

New Orleans, Louisiana, this __24th__ day of __January__, 2011.

*[signature]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[14]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.